## TRUE PEOPLE OF AMERICA v. SMITH et al.

### No. 10380.

Court of Civil Appeals of Texas. Galveston.

April 8, 1937.

R. D. Evans, of Waco, for appellant.

Sam G. Croom, of Houston, for appellees.

CODY, Justice.

This cause was not reported by a stenographer. Judgment was rendered in the court below on May 16, 1935. Appellant's attorney, who resides in Waco, forwarded to appellees' attorney, who resides in Houston, a copy of his proposed statement of facts on July 8, 1935, which was received while appellees' attorney was out of town engaged in the trial of another case, and did not therefore come to his attention until July 12th. At the same time appellant's attorney also sent to the judge before whom the case was tried two other copies of his proposed statement of facts, informing the judge that he had sent a copy to opposing counsel, with the request to sign and return to the judge, but that if he did not do so, then he, appellant's counsel, was presenting the statement under his separate certificate, and requested the judge to approve it, so it could be filed in the Court of Civil Appeals by the 14th. Appellees' attorney, on July 12th, wrote the judge, complaining strenuously of the proposed statement, and suggested that he and appellant's counsel meet with the judge and iron out their differences as to the evidence adduced on the trial. Before the judge had received this letter, he had approved the statement thus certified to by appellant's attorney. Neither the original nor the copy of this statement was filed in the trial court. The judge has certified that he signed and approved the statement because of appellant's attorney's advice to him that it had to be filed not later than July 14th; but that it does not accurately reflect the evidence is incomplete and misleading in many particulars, and omits the entire evidence of several witnesses, and details the respects in which it is inaccurate and incomplete.

It is unnecessary to state that the statement certified to by appellant's counsel and approved by the judge, but which opposing counsel had no opportunity to object to, is not such a statement as is contemplated by the statute (Vernon's Ann.Civ.St. art. 2243) that shall serve as a statement of facts in an appellate court. Appellant's attorney seeks to justify this extraordinary procedure on the ground that he had not time in which to comply with the statutory requirements. The basis for his conclusion that he did not have such time seems to us to be inadequate. There were also sent up with this certified statement certain exhibits which formed no part of it when approved by the judge. Appellees have moved that this statement of facts be stricken from the record. We have no alternative but to grant the motion. The statement appears on its face to be an ex parte statement of the facts proved on the trial, and the trial judge has certified to

its inaccuracy and incompleteness. No error appearing of record, the judgment of the trial court will be affirmed, and it is so ordered.

Affirmed.